# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JORGE D. GUZMAN-ZAVALA., ) <br> Y-24238, ) <br> ) <br>       Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MORGAN COUNTY JAIL, ) <br> ) <br>       Defendant. ) <br> ) <br> ) | Case No. 17-cv-1056-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jorge D. Guzman-Azvala., an inmate in Graham correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's claim pertains to his detention at Morgan County Jail, as a pretrial detainee, between March of 2017 and September of 2017. (Doc. 1, p. 6). Plaintiff contends officials at Morgan County Jail violated his right of access to the courts by interfering with attorney-client phone calls. In connection with this claim, Plaintiff has sued Morgan County Jail and states that he "would like relief for the duration of [his] imprisonment." This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### **The Complaint**

Between March of 2017 and September of 2017, Plaintiff was a pre-trial detainee in Morgan County jail. (Doc. 1, p. 6). At the time, Plaintiff had two cases pending: (1) Case No. 16-cf-627 in Adams County, Illinois and (2) Case No. 17-cf-21 in Cass County, Illinois. *Id.* Plaintiff's attorney was not located nearby and their primary means of communication was via the phone. *Id.* After Plaintiff had difficulty calling his attorney, he filed a grievance and the jail administrator made arrangements to correct the problem. *Id.* Despite these arrangements, Plaintiff had difficulty speaking with his attorney and was only allowed to call him approximately two times in five months. *Id.* On one occasion, correctional officers denied a phone call placed by Plaintiff's attorney. *Id.* The attorney was told he needed to appear in person to speak with the Plaintiff. This interference harmed Plaintiff because the phone call was in

reference to Plaintiff's plea agreement in the Adam's County case. *Id.* Plaintiff contends he wanted to withdraw his plea agreement and, but for the interference, he would not have pled guilty in the Adams County case. *Id.*

## Status of Adams County Case[1]

Review of the electronic docket in the Adams County case (16-cf-627) reveals that on June 5, 2017, Plaintiff pled guilty to manufacturing or delivering a controlled substance in violation of 720 ILCS 570/401 and was sentenced to 10 years' imprisonment. Further, according to the IDOC's website, Plaintiff is presently serving a 10-year sentence in connection with his guilty plea in the Adams County case.

## Discussion

### *Designation of Counts*

The Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

> **Count 1 –** Fourteenth Amendment access to the courts claim against Morgan County Jail for interfering with a call from Plaintiff's attorney, preventing Plaintiff from withdrawing his guilty plea in his criminal case in Adams county, Illinois 16-cf-627.

### *Improper Defendant*

The only Defendant Plaintiff has named in the case caption is Morgan County Jail. Section 1983 imposes liability on "any person" who, under color of state law, deprives another

---

[1] The Court can judicially notice information available on IDOC's official website. *See Westefer v. Snyder*, 725 F.Supp.2d 735, 745 (S.D.Ill.2010). Additionally, court documents are public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994).

of rights protected by the Constitution.[2] In *Monell*, the Supreme Court held that Congress intended municipalities and other local government entities to be included among those persons to whom § 1983 applies. 436 U.S., at 690, 98 S.Ct., at 2035. However, unlike municipalities, a jail is not a legal entity that can be sued under § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir.2012) (Knox County Jail a "non-suable entity"); *Powell v. Cook County Jail*, 814 F.Supp. 757, 578 (N.D.Ill. 1993) (Cook County Jail is not an entity nor a "person" subject to suit under § 1983).

Thus, Morgan County Jail shall be dismissed from this action with prejudice. Normally, because Morgan County Jail is the only named defendant, the Complaint would be subject to dismissal without prejudice and with leave to amend. However, as is set forth more fully below, Plaintiff's action is subject to dismissal on other grounds. As such, allowing amendment to name a proper defendant would be futile. *See Barry Aviation, Inc. v. Land O 'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir.2004).

### *The Action is Heck-Barred*

As a preliminary matter, the Court notes that Plaintiff's request for relief is somewhat ambiguous. To the extent that Plaintiff is challenging the fact or duration of his confinement; his sole federal remedy is a petition for writ of habeas corpus after he exhausts state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

That being said, to the extent that Plaintiff is seeking damages, his claim is still subject to dismissal. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held

---

[2] The section states, in relevant part:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."
42 U.S.C. § 1983.

4

that, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Id*. at 487. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*.

As with all claims involving the right of access to the courts, a claim of interference with a prisoner's communications with his lawyer cannot proceed absent a showing of hindrance. *Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010) (evaluating claim involving interference with legal mail). In the instant case, the alleged hindrance pertains to Plaintiff's inability to withdraw his guilty plea in the Adams County case.

Considering the above, granting relief in this case would necessarily implicate plaintiff's underlying conviction, thus placing him within the limitations of *Heck*. Accordingly, Plaintiff may not pursue a claim for money damages unless and until the underlying Adams County conviction is invalidated. For the reasons stated herein, the action shall be dismissed without prejudice for failure to state a claim and as *Heck*-barred.

**Disposition**

**IT IS HEREBY ORDERED** that Morgan County Jail is dismissed from this action with prejudice because it is not a suable entity under § 1983.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice as *Heck*-barred and therefore legally frivolous.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d

810, 811 (7th Cir. 1998). A complaint that is barred by *Heck* is considered legally frivolous and counts as a strike under 28 U.S.C. § 1915(g). *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 19, 2017**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**